UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY CORNELIUS ROWE,<br><br>    Petitioner,<br><br>    v.<br><br>BRUNO STOLC,<br><br>    Respondent. | Case No.  C09-5770-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**SEPTEMBER 17, 2010** |

This habeas corpus action, filed pursuant to 28 U. S.C. § 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrate Judge's Rules MJR 3 and MJR 4.

Petitioner seeks relief from a guilty plea filed in 2003, in Pierce County Superior Court.

Respondent has filed a response and argues that the petition in this case is time barred (Dkt. # 13).  Petitioner has filed a reply (Dkt. # 17).

Having reviewed the documents, the court agrees with Respondent that this petition is time barred.  The petition should be dismissed pursuant to 28 U.S.C. § 2244 (d).

REPORT AND
RECOMMENDATION - 1

BASIS FOR CUSTODY

Petitioner pled guilty on April 28, 2003, to one count of Rape of a Child in the First Degree, one count of Rape of a Child in the Second Degree, and one count of Possession of depictions of a minor engaged in sexually explicit conduct. (Dkt. # 14, Exhibit 1). He was sentenced on January 27, 2003 to one hundred and seventy-one (171) months. (Dkt # 14, Exhibit 1).

PROCEDURAL HISTORY

Petitioner did not file a direct appeal and waited until September 15, 2008 to file a Personal Restraint Petition in the Washington State Supreme Court (Dkt. # 14, Exhibit 3). This was approximately three years and seven months after his sentence became final. The Supreme Court dismissed the petition as time-barred under Washington Law. See RCW 10.73.090 (1); (Dkt. # 14, Exhibit 5). On March 30, 2009, petitioner moved to modify the ruling. (Dkt. # 14, Exhibit 6). The motion to modify the ruling was denied June 2, 2009, ending the collateral challenge to the guilty plea and sentence (Dkt. # 14, Exhibit 7). On December 14, 2009, this petition was filed (Dkt. # 1).

**EVIDENTIARY HEARING NOT REQUIRED**

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for

constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues regarding the tolling of the statute of limitations that could not have been previously discovered by due diligence. Therefore, this court concludes that an evidentiary hearing is not necessary to decide this case.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62, 63 (1991); Lewis v. Jeffers, 497 U.S. 764, 779 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

REPORT AND
RECOMMENDATION - 3

DISCUSSION

A.	Statute of limitations.

A one-year statute of limitations was imposed on habeas corpus petitions under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.§ 2244 (d).

Here, petitioner filed no direct appeal.  His sentence became final when it was entered on February 27, 2005 -- 30 days after the judgment and sentence was filed by the county clerk. (Dkt. #14, Exhibit 1).  Petitioner had one year to file a challenge in state court and toll the running of the federal one year time period.  Otherwise the time for filing a federal habeas corpus petition would have elapsed as of February 28, 2006.  Nothing tolled the one- year time for filing a federal habeas corpus petition. The filing of a personal restraint petition on September 15, 2008

REPORT AND
RECOMMENDATION - 4

does not start the running of a new federal statute of limitations. By the time this habeas corpus petition was filed on December 14, 2009, it was over three years from the date that the claim was time barred.

Petitioner argues that he is entitled to equitable tolling of the running of the statute of limitations because he lacked an adequate law (Dkt. # 17, page 2). He also claims that he did not know that his attorney did not file a direct appeal, or that notice of appeal was supposed to be filed. (Dkt. # 17, page 2). As petitioner notes, a notice of appeal was never filed (Dkt. # 18, page 2).

The guilty plea specifically informed petitioner that he had one year to file a collateral challenge to the plea (Dkt. #6, Exhibit 1, page 30). When petitioner had not heard from counsel regarding any appeal it was unreasonable of him to wait for over three years before filing his first collateral challenge. By that time, the statute of limitations in both state and federal court had run. Accordingly, this petition is time barred pursuant to 28 U.S.C. 2244 (d) and should be DISMISSED.

## CONCLUSION

This petition is time barred pursuant to 28 U.S.C. 2244 (d). It should be dismissed without consideration on the merits. Petitioner has not shown he is entitled to equitable tolling that would excuse the three year delay in filing his first challenge to the guilty plea and sentence.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the

1 | time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on
2 | **SEPTEMBER 17, 2010**, as noted in the caption.

DATED this 23rd day of August, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 6